# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2022

Lyle W. Cayce
Clerk

No. 21-40818

MICHAEL FIELDS; VICKIE GRANT; JESSICA MATLOCK; KELLY REESE,

*Plaintiffs—Appellants*,

*versus*

TOMMY BROWN; MICAH FENTON, FELICIA ALEXANDER; TYSON FOODS, INCORPORATED,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-475

Before CLEMENT, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

The district court denied plaintiffs' motion to remand, concluding federal officer removal jurisdiction existed in this case. That conclusion runs counter to this court's later holding in *Glenn v. Tyson Foods, Inc.*, 40 F.4th

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40818

230 (5th Cir. 2022). For the same reasons we found federal officer removal jurisdiction lacking in *Glenn*, we vacate the district court's orders dismissing plaintiffs' claims and denying remand to state court, and remand for further proceedings.

## I.

Employees of Tyson Foods, Incorporated sued three Tyson managers in Texas state court alleging negligence and gross negligence based on the managers' failure to institute protective measures against COVID-19 at the Tyson plant in Carthage, Texas. The managers removed the case to the United States District Court for the Eastern District of Texas, asserting federal officer removal jurisdiction, 28 U.S.C. § 1442(a)(1), and federal question jurisdiction, 28 U.S.C. § 1331. Plaintiffs filed an amended complaint adding Tyson as a defendant and moved to remand. Tyson and its managers responded in opposition and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

The district court denied plaintiffs' motion to remand, concluding that "the federal officer removal statute confer[red] jurisdiction."[1] The court then dismissed plaintiffs' claims against the managers, determining that plaintiffs failed to assert that the managers owed them a duty distinct from any duty owed by Tyson.[2] Later, the district court granted Tyson's

---

[1] More specifically, the court concluded that "defendants were 'acting under' the directions of federal officials when the federal government announced a national emergency on March 13, 202[0]," and included Tyson's operations within its "critical-infrastructure designation." The court further found a connection "between the federal officer's directions and the alleged conduct" and that the managers had asserted a colorable defense, i.e., preemption under the Poultry Product Inspection Act (PPIA).

[2] Plaintiffs moved for reconsideration of both orders. In the alternative, plaintiffs asked the court to certify its order denying remand for interlocutory appeal. The district court denied reconsideration but granted plaintiffs' request for certification of its remand

No. 21-40818

motion to dismiss as well, concluding plaintiffs failed to assert a claim against Tyson because the Poultry Product Inspection Act (PPIA) and the Pandemic Liability Protection Act (PLPA) each independently foreclosed plaintiffs' claims.[3]  Plaintiffs timely appealed.

## II.

Plaintiffs contend the district court erred in denying their motion to remand because neither federal officer removal jurisdiction nor federal question jurisdiction exists.  Plaintiffs also assert that the district court erred in granting defendants' motions to dismiss because it lacked jurisdiction over the case.  Defendants respond that the district court should be affirmed in all respects.   Defendants do not address federal question jurisdiction, presumably because the district court did not reach their alternative argument for removal based on that ground.  As discussed below, we likewise decline to address federal question jurisdiction for the first time on appeal. But we agree with plaintiffs that federal officer removal jurisdiction is lacking.

As stated above, in *Glenn*, 40 F.4th 230, this court addressed federal officer removal jurisdiction and whether Tyson was "acting under" direction of the federal government in keeping its poultry processing plants open during the early months of the COVID-19 pandemic.  We concluded that Tyson was not acting under direction of the federal government and that federal officer removal jurisdiction therefore did not exist over claims materially identical to those asserted by plaintiffs here.  *Id*. at 232.  We reasoned that although the food industry was designated as "critical

---

order.  This court, however, denied plaintiffs permission to file an interlocutory appeal. *Fields v. Brown*, No. 21-90021, ECF 21, (5th Cir. June 21, 2021).

[3] Between the managers' dismissal and Tyson's dismissal, the Texas Legislature enacted the PLPA.  Tyson filed a supplemental motion to dismiss pursuant to the PLPA, and the district court dismissed plaintiffs' claims against Tyson based on both laws.

infrastructure," "the federal government's guidance to critical infrastructure industries was nonbinding." *Id.* at 234–35 (internal quotation marks omitted). Thus, "[t]ry as it might, Tyson [could not] transmogrify suggestion and concern into direction and control." *Id.* at 232.

Rather than regurgitate *Glenn*'s analysis, we simply state that *Glenn* controls the outcome in this case as well. Federal officer removal jurisdiction is lacking. *Id.* at 237. However, because the district court did not address whether federal question jurisdiction exists as to the plaintiffs' claims in its order denying remand, we return the case for the court's consideration of that issue, in the light of *Glenn* and other recent precedent, in the first instance.

*    *    *

We VACATE the district court's orders dismissing plaintiffs' claims and denying remand to state court. This case is REMANDED to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.